**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Jacqueline Zink, <br>     Plaintiff, <br><br> vs. <br><br> Thomas Cade Garris, <br><br>     Defendant. | Case No. 2:19-cv-00498-DCN <br><br> **COMPLAINT** <br> Jury Trial Demanded |

### NATURE OF THE ACTION

1. Plaintiff brings this action to recover for personal injuries she sustained as a result of Defendant's gross negligence while operating a motor vehicle. Plaintiff's injuries occurred on January 26, 2019, when the vehicle she was traveling in with three of her friends was struck from the side by a truck that was owned and operated by Defendant. Shortly after the collision that caused Plaintiff's injuries, Defendant was charged with Felony DUI Resulting in Death, Felony DUI Resulting in Great Bodily Injury, and Reckless Homicide.

### PARTIES

2. Plaintiff Jacqueline Zink is a resident of Cook County, Illinois. Plaintiff was in Charleston visiting friends at the time of the collision.

3. Defendant Thomas Cade Garris is a resident of Dorchester County, South Carolina.

### JURISDICTION

4. This Court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the parties are citizens of different states.

1

5. This Court has personal jurisdiction over Defendant because he is a resident of South Carolina who committed a tortious act in this State.

6. Venue is proper under 28 U.S.C. § 1391(b)(2) because Defendant resides in this District and because a substantial part of the events or omissions giving rise to this case occurred in this District.

#### Factual Allegations

7. In late January 2019, Plaintiff traveled to South Carolina along with two friends, William Kappel, Jr. and his wife Laura Kappel, from Chicago, Illinois.

8. While leaving downtown Charleston on January 26, 2019, Plaintiff and Mr. and Mrs. Kappel were traveling eastbound on Columbus Street in a 2016 Mazda sedan driven by their friend Joseph Murray.

9. At the same time, Defendant was driving a Ford F-150 pickup truck, bearing license plate number 4789HU, heading northbound on Meeting Street with his girlfriend Dana Jamison in the front passenger seat.

10. Defendant was driving his truck at a high rate of speed on Meeting Street, well in excess of the posted speed limit of 35 miles per hour, and was not paying attention to the roadway or his surroundings as his vehicle approached the intersection of Meeting and Columbus streets.

11. Upon information, Defendant was driving while intoxicated after consuming alcohol at numerous bars and restaurants in downtown Charleston.

12. As Mr. Murray entered the intersection of Meeting and Columbus streets around 2:15am, the traffic signal for vehicles traveling eastbound on Columbus Street was green.

13. As Defendant entered the same intersection, the traffic signal for vehicles traveling northbound on Meeting Street was red.

14. Without warning, Defendant's truck collided violently with the front passenger side of Mr. Murray's sedan, causing the sedan to be propelled off the roadway and into a building on the northeast corner of the intersection.

15. Upon information, Defendant's truck was traveling at 56 miles per hour at the moment of impact. And there is no indication Defendant applied his brakes prior to the collision.

16. Tragically, Mr. Kappel was pronounced dead at the scene after being extracted from the wreckage by first responders.

17. Plaintiff, who was sitting directly behind Mr. Kappel, sustained serious injuries to her head, torso, abdomen, and lower body, and had to be transported to MUSC by ambulance immediately after the collision.

18. Mrs. Kappel sustained serious injuries as well. Like Plaintiff, she was transported to MUSC by ambulance immediately following the collision.

19. Mr. Murray also sustained serious injuries as a result of the collision. He too had to be extracted from the wreckage by first responders and was transported to MUSC by ambulance immediately afterwards.

20. Upon information, Ms. Jamison, the passenger in Defendant's truck, also sustained serious injuries. She too was transported to MUSC by ambulance immediately after the collision.

### CAUSES OF ACTION
**Negligence, Negligence *per se*, Gross Negligence**

21. Plaintiff fully incorporates all previous paragraphs.

22. At all times relevant to this action, Defendant owed a duty to Plaintiff, the other victims, and the public at large to operate his truck in a safe and careful manner.

23. Defendant breached this duty before, during, and after the collision by:

   a. driving while intoxicated;

b.   failing to maintain a proper lookout;

c.   failing to keep his truck under proper control;

d.   driving too fast for conditions;

e.   violating applicable state traffic laws so as to constitute negligence *per se*;

f.   driving at an excessive rate of speed;

g.   failing to monitor road and traffic conditions;

h.   failing to monitor or obey traffic signals; and

i.   being otherwise negligent, grossly negligent, and reckless as may be revealed through discovery.

24. Defendant's breaches, as set forth above, were the direct and proximate cause of Plaintiff's injuries.

25. As a result of Defendant's negligence, negligence *per se*, and/or gross negligence, Plaintiff suffered bodily injury, pain and suffering, and mental and emotional distress. Her damages include, but are not limited to, pecuniary loss, medical expense, and other compensatory damages to be determined at trial.

### P R A Y E R   F O R   R E L I E F

Plaintiff prays for judgment against Defendant as follows:

a.   for actual damages including medical costs,

b.   for other compensatory damages permitted by law, including lost wages, loss of enjoyment of life, damages for pain and suffering, both physical and mental, suffered as a result of the collision;

c.   for all costs of this Court;

4

    d.    for punitive damages as determined by the trier of fact should discovery reveal willful and wanton conduct; and

    e.    for any such other relief as the trier of fact deems just and proper.

### J U R Y   T R I A L   D E M A N D E D

A trial by jury is demanded as to all issues to the extent permitted by law.

Respectfully submitted,

February 20, 2019    **BY:**    **RICHARDSON, PATRICK, WESTBROOK & BRICKMAN, LLC**

/s/ Terry E. Richardson, Jr.
Terry E. Richardson, Jr. (Fed. I.D. # 3457)
trichardson@rpwb.com
1730 Jackson Street
Barnwell, SC 29812
T: 803.541.7850
F: 803.541.9625

Matthew Nickles (Fed. I.D. # 11001)
mnickles@rpwb.com
2700 Middleburg Dr., Suite 220d
Columbia, SC 29204
T: 803.541.7850
F: 803.259.4403

D. Charles Dukes (Fed. I.D. # 11751)
cdukes@rpwb.com
1037 Chuck Dawley Blvd., Bldg. A
Mount Pleasant, SC 29464
T: 843.727.6500
F: 843.216.6509

**ATTORNEYS FOR JACQUELINE ZINK**