# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

|  |  |
|---|---|
| LAURA KAPPEL, personally and as Personal Representative for the ESTATE OF WILLIAM KAPPEL, JR.; and JACQUELINE ZINK,<br><br>    Plaintiffs,<br><br>vs.<br><br>C&L TRAVEL, INC. d/b/a MYNT, TIMOTHY GREGOWICZ, COAST, LLC d/b/a COAST BAR & GRILL; and THOMAS CADE GARRIS,<br><br>    Defendants. | Case No. 2:19-CV-00498-DCN<br><br>**ORDER APPROVING SETTLEMENT OF WRONGFUL DEATH AND SURVIVAL CLAIMS WITH COAST, LLC, C&L TRAVEL, INC., AND THOMAS CADE GARRIS** |

Plaintiff Laura Kappel, as Administrator of the Estate of William Kappel, Jr. (the "Estate") has petitioned the Court to approve settlements with defendants C&L Travel, Inc., Coast, LLC, and Thomas Cade Garris (collectively "Defendants") to resolve claims for wrongful death and survival, and in support thereof, she hereby states as follows:

1.  Plaintiff Laura Kappel is the duly appointed Administrator of the Estate. Mrs. Kappel was the decedent's wife and was appointed Administrator of the Estate by Order of the Cook County, Illinois Circuit Court, Probate Division.

2.  Plaintiff filed her claims seeking actual and punitive damages for the death of her husband, William Kappel, Jr., which occurred on January 26, 2019. She alleges her husband's death was caused by Defendants' negligent, grossly negligent, and/or reckless conduct in violation of statutory and common law, which caused or contributed to a fatal motor vehicle collision at the

intersection of Meeting and Columbus Streets in downtown Charleston, South Carolina. Defendants have specifically denied Plaintiff's allegations.

3. The case is at an advanced stage. Significant discovery, fact and expert, was completed at the time of Plaintiff's agreements with Defendants to resolve her claims.

4. Plaintiff has agreed to settle any and all claims against Defendants arising out of the fatal collision.

5. Defendant C&L Travel, Inc. has $1,000,000.00 in liquor liability coverage with Clear Blue Specialty Insurance Company.

6. Defendant Coast, LLC has $1,000,000.00 in liquor liability coverage with Allied Property & Casualty Insurance Company and an umbrella policy with Ace Property & Casualty Insurance Company

7. Defendant Thomas Cade Garris has $50,000.00 in automobile liability coverage with State Farm Mutual Automobile Insurance Company.

8. Joseph Murray, the driver of the sedan in which Plaintiffs were traveling, has $100,000.00 in underinsured motorist (UIM) coverage through GEICO.

9. In total, Defendants have agreed to pay a total monetary sum of $4,674,769.00 to resolve Plaintiff's wrongful death claims.

10. In addition, Plaintiffs and Mr. Murray have agreed to allocate $87,731 of Mr. Murray's UIM policy proceeds to the wrongful death claims.

11. Defendant C&L Travel, Inc. has also agreed to provide mandatory alcohol server training to its bartenders, servers and security personnel for a period of three (3) years, beginning in 2021, and to revise its DVR surveillance system's video retention period to a minimum of 30 days.

12. The settlement proceeds are allocated entirely to the wrongful death claims.

13. Under the terms of the proposed settlements, all claims against Coast, LLC, C&L Travel, Inc., and Thomas Cade Garris shall be resolved and dismissed with prejudice, and Coast, LLC, C&L Travel, Inc., and Thomas Cade Garris will be released from all claims related to the events surrounding the death of William Kappel, Jr. The effect of the releases are to extinguish all claims against Coast, LLC, C&L Travel, Inc., and Thomas Cade Garris arising from the collision.

14. Plaintiff Laura Kappel is the sole statutory beneficiary of the Estate.

15. Mrs. Kappel attended the mediation on December 11, 2020, at which the proposed settlements were reached and she is knowledgeable of all of their terms and conditions.

16. Mrs. Kappel retained attorneys Terry Richardson, Chris Moore, and D. Charles Dukes of Richardson, Patrick, Westbrook & Brickman, LLC to pursue her claims. In doing so, she agreed to a contingent attorneys' fee of 33 1/3%, which she now asks the Court to approve.

17. As set forth in the Petition, total litigation costs of $117,764.00 are to be deducted from the settlement proceeds.

18. Mrs. Kappel is informed and believes these attorneys' fees and costs, as set forth in the Petition, are fair and reasonable in light of the facts of the case, length of discovery, and advanced stage of litigation. She therefore asks that the Court to approve the same.

19. Mrs. Kappel and her attorneys have carefully considered these matters and believe the settlements to be fair, just and reasonable and in the best interests of the Estate.

20. Mrs. Kappel represents that her counsel has fully advised her of all the facts of this lawsuit and all the claims arising out of or in relation thereto, and that she is aware and fully advised that the execution of these settlements will fully and forever bar her from the collection of

any additional payments of any kind, nature, or description against Coast, LLC, C&L Travel, Inc., Thomas Cade Garris, or any related entities, personal representatives, successors, assigns, heirs, insurers, owners, members, directors, officers, employers, employees, agents, or servants and all others.

  THEREFORE, it is ORDERED that:

  A. The settlements with Coast, LLC, C&L Travel, Inc., and Thomas Cade Garris, as set forth in the Petition, are APPROVED;

  B. The attorneys' fees, as set forth in the Petition, are APPROVED;

  C. The costs, as set forth in the Petition, are APPROVED;

  C. All the settlement proceeds be allocated to the wrongful death claims;

  D. Laura Kappel is AUTHORIZED to execute the appropriate settlement documents forever releasing defendants Coast, LLC, C&L Travel, Inc., and Thomas Cade Garris, and dismissing the pending action against Coast, LLC, C&L Travel, Inc., and Thomas Cade Garris with prejudice.

_____
David C. Norton
United States District Court Judge

February 18, 2021
Charleston, South Carolina

4